MORSE & RODGERS, Inc., v. LOUIS SCHULTZ.

(Filed 4 October, 1911.)

**Principal and Agent—Husband and Wife—Goods Sold and Delivered—Feme Covert—Sign—False Representations—Questions for Jury.**

In an action to recover from the husband the purchase price of goods sold and delivered, there was evidence tending to show that plaintiff's salesman made the sale in the store of the wife, with her name properly displayed by sign reading "M. Schultz," in accordance with the provisions of Revisal, sec. 218; the transaction was conducted personally with the husband, L. Schultz; and the evidence was conflicting as to whether the plaintiff's salesman thought the husband's name was Max and was led to believe that he was the M. Schultz to whom the goods were sold, and not to his wife, Mamie; that the salesman made the order to Max S., and was corrected so as to make it read to M. Schultz; that the impression was caused by the representations of defendant, as an inducement to the trade, reasonably relied upon by the plaintiff, that the sale was being made to the husband; that the husband appeared to have full control or management of the store: *Held,* an instruction was erroneous that fixed the liability upon the husband unless the jury found that he informed the salesman at the time that he was the agent of his wife, or unless the salesman ascertained that fact from the sign displayed; (1) the burden of proof was on the plaintiff to show that the husband, by false representations reasonably relied on, had imposed himself upon the company or its agent as M. Schultz, and assumed that essential portions of plaintiff's evidence should be accepted as true; (2) it ignored defendant's evidence, that about

five months previous he had informed the managers of plaintiff corporation, at its home office, that he was acting merely as agent for his wife.

APPEAL from *Ward, J.,* at Second March Term, 1911, of NASH.

Civil action to recover $341, with interest from 4 October, 1909, as the contract price of goods sold and delivered.

The jury rendered verdict as follows: "Is defendant indebted to plaintiff, as alleged in the complaint, and, if so, in what amount? 'Answer: Yes, $341, with interest from 4 October, 1909."

Judgment on the verdict, and defendant excepted and appealed.

*E. B. Grantham for plaintiff.*
*T. T. Thorne for defendants.*

HOKE, J. On the trial, and after the jury was impaneled, admissions were made as follows: "It was admitted, for the purposes of the trial, that on 4 September, 1909, the time when the goods were sold for the purchase price for which the suit was brought, that the goods were billed out to and shipped to M. Schultz, the wife of the defendant, who at that time was conducting business in her own name, and who had conspicuously displayed at her place of business a sign in conformity with section 218, Revisal 1905. It was further admitted that the goods shipped, and amounting to $341.50, had not been paid for."

Evidence was then offered on the part of plaintiff tending to show that in April, 1909, at Rocky Mount, N. C., the place of business of M. Schultz, plaintiff sold the goods to defendant, for delivery in September following. That the sale was made, and credit given to defendant, personally, under the impression that defendant himself was the M. Schultz to whom the goods were afterwards shipped, and that this impression was caused by representations of the defendant, as inducements to the trade, reasonably relied upon by plaintiff company. C. C. Alcorn, a witness for plaintiff, testified that he was the agent

who effected the sale; that he dealt with defendant and sold the goods under the impression that he was the proprietor of the business and that his name was M. Schultz. That he did not observe the sign referred to in the admission, but defendant alone was there, in apparent charge and control of the store, and negotiated the trade. That plaintiff thought defendant's name was Max, called him Max and billed the goods to Max, but stated further that defendant rubbed the name out and substituted M. Schultz. This witness further stated that he' knew defendant's wife was named Mamie. The deposition of Arthur Pattison, vice president and one of the managers of plaintiff company, was then offered in evidence, in which it was stated, among other things, that in November, 1908, defendant was in plaintiff's place of business in New York and represented that he was named M. Schultz and the proprietor of this business, and bought a bill of goods in that name, which were paid for, and that the present bill was sold under the impression so caused that the sale was being made to defendant, etc.

Defendant, a witness in his own behalf, denied that he had represented himself to be M. Schultz; said that the salesman, Alcorn, knew that defendant's name was Louis, and was fully aware of the fact that the business belonged to his wife and was conducted in her name of M. Schultz. He denied further that he had represented himself, in New York, to be M. Schultz, the proprietor of the business, but that he had then told plaintiff's officers that he was only a buyer for the firm.

On this and other relevant testimony the court charged the jury, "that unless the defendant, at the time of making the bill for which the suit was brought, told the witness, Alcorn, that he was the agent of M. Schultz, or unless the witness ascertained such fact from the sign displayed in accordance with section 2118 of the Revisal, at M. Schultz's place of business, or by some other reasonable means such fact was made known to Alcorn at or before the time of making the sale, then the defendant would be personally liable for the plaintiff's account, and the jury should so answer the issue"; and we are of opinion that this was not a correct rule to guide the jury in their determination of the issue.

The plaintiff, at the beginning of the trial, had admitted that the goods had been billed out and shipped to M. Schultz, the wife of defendant, who was there conducting the business in her own name, and in the presence of this admission, and on general principles, if plaintiff sought to charge defendant personally, whose name was Louis Schultz, the burden was on the company to show that the present defendant, by false representations, reasonably relied upon by them, had imposed himself upon the company or its agent as being M. Schultz, and that he, and not M. Schultz, was the real debtor; and the charge in question, duly excepted to, erroneously places on defendant the burden of excusing himself, thereby assuming that essential portions of plaintiff's evidence should be accepted as true, and is further objectionable in restricting the jury to what took place between the defendant and the salesman, Alcorn, thereby ignoring the testimony of defendant to the effect that, on the November previous, not more than five months before this order was taken, he had personally informed the owners and managers of plaintiff company that he was only a buyer for M. Schultz, to whom the goods were billed and shipped. This objection is emphasized by the fact that the witness, Alcorn, in his testimony, further stated that after negotiating the sale, when he went back to New York he advised the house not to ship the goods, showing that, in completing the sale, the management acted to some extent on their own knowledge of conditions and were not influenced altogether by the account this witness may have given them.

There is error which entitles defendant to have the cause tried before another jury, and it is so ordered.

New trial.